

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
michael@donigerlawfirm.com
(646) 517-0600

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs
247 Water Street First Floor
New York, New York 10038

**MEMO ENDORSED**

July 31, 2023

**FILED via ECF**

Hon. Jennifer H. Rearden
United States District Judge
United States District Court for the Southern District of New York

  *Surrey v. Surrey*; Case No. 23-cv-2603-JHR

Dear Judge Rearden:

  I, along with Scott Burroughs, represent Plaintiff Ruth Surrey in this action. We write to (a) request leave to serve non-party discovery, and (b) to adjourn the Court's August 8th deadline to show cause why the case should not be dismissed.

  The Clerk issued a certificate of default on July 27th because Defendant Lewis Surrey failed to appear in and defend this action. Dkt. #16. Absent Mr. Surrey's participation in this case, Ms. Surrey will seek a default judgment. In order to prove her damages, however, she requires documents and records in the possession of GPG Management LLC, a property management company that has managed properties jointly by Plaintiff and Defendant. Ms. Surrey is informed that GPG has records detailing payments and distributions made to Mr. Surrey from the properties identified in the complaint. To date, GPG has not provided sufficient records for Ms. Surrey to prove her damages, and third-party discovery has not begun. Because Mr. Surrey has refused to participate in this action, Ms. Surrey requests leave from the Court to promptly serve a subpoena on GPG pursuant to Fed.R.Civ.P. 26(d)(1).

.
Thank you for your consideration of this request.
.

      Sincerely yours,

      */s Michael D. Steger*
      Michael D. Steger

cc: Scott Alan Burroughs, Esq.
   Jason Wolin, Esq. (via email)
   Samuel Smith, Esq. (via email)

Plaintiff' application for a third-party subpoena (*see supra*; *see also* ECF No. 23 at 1, 9-10; ECF No. 23-17) does not satisfy the "good cause" standard governing expedited discovery requests, *see Digital Sin, Inc. v. Does 1-176*, 279 F.RD. 239, 241 (S.D.N.Y. Jan. 30, 2012).  Accordingly, the application is DENIED "without prejudice to Plaintiff re-raising the request with a better explanation of the necessity for the[] subpoena[] and the legal and factual basis for the Court to authorize [its] issuance." *SingularDTV GmbH v. Doe*, 21 Civ. 6000 (VEC) (S.D.N.Y. Apr. 21, 2022).

To wit, any renewed application shall make "a showing of the *specific* nature of the information sought, the category of damages to which the discovery would be relevant, [and] a compelling reason for needing the discovery in order to assess such damages," among other required details.  *Doe v. Warren & Baram Mgmt. LLC*, 20 Civ. 9522 (ER) (DCF) (S.D.N.Y. Nov. 15, 2021) (emphasis added).  The application also must proffer, *inter alia*, on-point "legal support for the discovery request in this context," *id.*, "addressing in particular the issue of expedited discovery to [obtain damages information], in any context, but particularly in connection with claims similar to Plaintiff[']s claims, citing case law in this circuit," *Bloomberg L.P. v. Does 1-4*, 13 Civ. 1787 (LGS) (S.D.N.Y. Apr. 4, 2013).

To the extent Plaintiff files a renewed application in accordance with the foregoing, she shall do so by **April 10, 2024**.  Any such application must be submitted as a standalone motion, supported by (1) a memorandum of law, *see, e.g., Bloomberg L.P.*, 13 Civ. 1787 (S.D.N.Y. April. 4, 2013) (directing plaintiff to file a "motion and accompanying brief" in support of application to serve third-party subpoena); (2) an affidavit, *Shinobi LLC v. Doe #1*, 22 Civ. 1921 (JGK) (S.D.N.Y. Mar. 11, 2022) (denying application for third-party subpoena because it was not "accompanied by an affidavit or sworn declaration"); and (3) a proposed order that is "proportional to the needs of the case," *Doe v. City of New York*, 22 Civ. 2690 (PKC) (KHP) (S.D.N.Y. Sept. 25, 2023); *accord, e.g.*, *Bloomberg L.P.*, 13 Civ. 1787 (S.D.N.Y. April. 18, 2013) (denying plaintiff's subpoena request as "overly broad").

The Clerk of Court is directed to terminate ECF No. 19.

SO ORDERED.

*[signature]*
Jennifer H. Rearden, U.S.D.J.
Date: March 20, 2024