**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RUTH SURREY,                                             Case No. 23-CV-2603-JHR

        Plaintiff,

-against-

LEWIS SURREY,

        Defendant.

---

**RESPONSE TO ORDER TO SHOW CAUSE; NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND LEAVE TO TAKE DISCOVERY**

    TO THE COURT AND ALL PARTIES, please take notice that Plaintiff Ruth Surrey hereby (1) responds to the Court's Order to Show Cause, (2) moves this Court to enter judgment as to liability against Defendant Lewis Surrey, and (3) moves this Court for leave to take third-party discovery to prove her damages.

    Ruth Surrey bases her response and motion on this Response and Notice of Motion and Motion for Default Judgment and Leave to Take Discovery, the accompanying Memorandum of Law in support, the Declarations of Ruth Surrey and Michael D. Steger, the exhibits attached thereto, and the pleadings and other submissions in this case.

Dated: August 8, 2023                Respectfully submitted:

                                            By: /s/ *Michael D. Steger*

                                              Michael D. Steger
                                              michael@donigerlawfirm.com
                                              Scott Alan Burroughs, Esq.
                                              scott@donigerlawfirm.com
                                              DONIGER / BURROUGHS
                                              247 Water Street, First Floor
                                              New York, New York 10038
                                              (310) 590-1820

Jason L. Wolin, Esq.
jwolin@wolinlawgroup.com
Wolin Law Group LLC
100 North LaSalle Street, Suite 800
Chicago, IL 60602
(872) 263-2400
Admitted *pro hac vice*

Samuel J. Smith
samuel@sjscounsel.com
Krane & Smith APC
16255 Ventura Boulevard, Suite 600
Encino, CA  91436
(310) 271-2800
Admitted *pro hac vice*

Attorneys for Plaintiff

Plaintiff states that she "does not yet have complete records to prove her damages."  *See* ECF No. 19; *see also* ECF No. 23 at 9-10.  However, the default judgment sought by Plaintiff "cannot be entered until the amount of damages has been ascertained."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993); *see also Bd. of Trs. of Loc. 50 Pension Fund v. Krupp*, No. 11 Civ. 5115 (DRH) (WDW), 2012 WL 4472019, at *2 (E.D.N.Y. Aug. 22, 2012) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." (citation omitted)).  "The plaintiff 'bears the burden of establishing [her] entitlement to recovery and thus must substantiate [her] claim with evidence to prove the extent of damages.'"  *Bray v. Purple Eagle Ent., Inc.*, No. 18 Civ. 5205 (GBD) (SLC), 2021 WL 4150890, at *1 (S.D.N.Y. Sept. 13, 2021) (quoting *Dunn v. Advanced Credit Recovery Inc.*, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012)).

By Plaintiff's own admission, she has not discharged her burden.  *See* ECF No. 19, *see also* ECF No. 23 at 9-10.  "Consequently, because Plaintiff has not identified or proven the amount of damages to which [she] is entitled, [her] damages cannot be ascertained, and no default judgment can be entered."  *Parks v. Saltsman*, No. 20 Civ. 6384 (FPG), 2023 WL 3586474, at *1-2 (W.D.N.Y. Apr. 20, 2023) (because plaintiff had not "demonstrate[d] her entitlement to[] any damages," court "c[ould] not issue a default judgment"); *see also, e.g.*, *Bray*, 2021 WL 4150890, at *1-2 ("Plaintiff's application for a default judgment [wa]s denied without prejudice" given that it "d[id] not include sufficient evidence for the Court[] . . . . 'to evaluate the fairness of' the requested damages'" (emphasis omitted) (quoting *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).  Accordingly, Plaintiff's motion for a default judgment is DENIED without prejudice.

Should Plaintiff successfully renew her application for leave to serve a third-party subpoena pursuant to the Court's March 20, 2024 Order (*see* ECF No. 27), then upon obtaining any requested discovery from GPG Management, Plaintiff may renew her application for a default judgment.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

*[signature: Jennifer H. Rearden]*

Jennifer H. Rearden, U.S.D.J.
Date: March 20, 2024